Arthur Alan POYNER, Plaintiff–Appellant,

v.

STATE OF IOWA, Defendant–Appellee.

No. 92–1883.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 15, 1992.

Decided April 8, 1993.

---

Paul H. Rosenberg, Des Moines, IA, argued, for plaintiff-appellant.

Thomas D. McGrane, Asst. Atty. Gen., Des Moines, IA, argued, for defendant-appellee.

Before MAGILL and BEAM, Circuit Judges, and LARSON,* Senior District Judge.

LARSON, Senior District Judge.

Arthur Alan Poyner appeals from the district court's[1] denial of his petition for writ of habeas corpus. Poyner was convicted of first-degree murder and the Iowa Supreme Court affirmed the conviction. On appeal, Poyner raises issues of ineffective assistance of counsel, prosecutorial misconduct, and judicial misconduct. In addition, Poyner argues that his rights to equal protection, a fair trial, and a speedy trial have been denied. We affirm the judgment of the district court.

## I.

Poyner argued with the murder victim over a five-dollar bet on a pool game at a Montgomery County, Iowa, tavern. The two individuals left the tavern, followed almost immediately by other tavern pa-

---

\* The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable Charles R. Wolle, United States District Judge for the southern District of Iowa.

trons. Poyner's brother and Danny Flynn separated the two, after which the victim took several steps and collapsed from a knife wound. No witnesses saw any blood, a murder weapon, or the stabbing. Poyner went to his brother's home where Poyner's girlfriend, Barbara Kirby, helped him hide his blood-stained shirt and observed him washing blood off of his hands. Kirby also observed a knife in the back pocket of Poyner's jeans. Poyner told Kirby that his brother had stabbed someone. Poyner's sister-in-law drove him to a hotel, from which he later fled. Poyner's defense at trial was that his brother committed the murder.

Poyner was convicted of the first-degree murder in May of 1979. In February of 1983, counsel was appointed to explore the appropriateness of post-conviction relief. However, counsel did not file an application for post-conviction relief. In June of 1990, the Iowa Supreme Court affirmed the lower court's dismissal of Poyner's claims that he was "denied" post-conviction relief, ruling that no application for relief was ever made and that no grounds for such relief were stated.[2] Poyner then sought habeas corpus relief in federal court.

## II.

### A. Procedural Default

As a preliminary matter, the government urges this court to find that procedural default precludes review of most of Poyner's claims. The district court did not address the issue of procedural default, instead reviewing the merits of the claims.[3] We have considered the procedural issues, and we find, under *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), and *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), that Poyner has waived his right to be heard on the following issues because he failed to raise them in state court: a) coun-

sel's ineffectiveness at trial in failing to object to the prosecution's inflammatory remarks, and to the introduction of false and misleading evidence; b) counsel's ineffectiveness in failing to present an intoxication defense at trial; c) counsel's ineffectiveness in failing to investigate a potential exculpatory witness; d) the trial court's denial of Poyner's right to a speedy trial; e) prosecutorial misconduct in introducing false and misleading evidence; and f) judicial misconduct in warning Poyner about the effect of taking the witness stand in his own behalf.

Poyner argues that his default should be excused under the ruling in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), because he can show cause for his failure to raise the issues (the ineffectiveness of trial counsel), and prejudice serious enough to affect the outcome of the trial. Poyner's arguments have no merit, and evidence a misapprehension of the law. First, Poyner has failed to argue, much less prove, in state court that either trial counsel or appellate counsel was ineffective. Poyner cannot now raise these issues. *Murray v. Carrier*, 477 U.S. 478, 489, 106 S.Ct. 2639, 2646, 91 L.Ed.2d 397 (1986). Second, as to several of the claimed errors of counsel, the appellate action is the source of the asserted failures. Any claim that attorney error is the cause for Poyner's failure to appeal for post-conviction relief in Iowa is foreclosed by the Supreme Court's ruling in *Coleman v. Thompson*, —— U.S. ——, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), in which the Court stated, "There is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Id.* at ——, 111 S.Ct. at 2566 (citations omitted).

---

**2.** Poyner claims, without substantiation, that the court "lost" his first, pro se petition of November, 1982. The Iowa court dismissed Poyner's "action" in 1986 for want of prosecution, and dismissed a later, like action in 1987, because it was identical to the one previously dismissed.

**3.** Having thoroughly reviewed the briefs and heard the arguments of the parties, we have determined that the district court's findings are not clearly erroneous. However, we need not further discuss most of the claims on their merits, as Poyner has procedurally defaulted.

The issues remaining are: a) equal protection; b) counsel's ineffectiveness in failing to assert marital privilege; c) counsel's ineffectiveness in failing to impeach a state's witness with inconsistent testimony; and d) prosecutorial misconduct in the questioning of witness Barbara Kirby.

## B. Equal Protection

■ Poyner asserts that he was denied equal protection of the law because he did not receive a post-conviction relief hearing in Iowa state court. Poyner argues that other individuals similarly situated are provided with such a hearing and that the court's denial of a hearing to Poyner was arbitrary and not predicated upon a rational basis. Having failed to raise this claim in the district court, Poyner is precluded from seeking review of the issue by this court. *Singleton v. Wulff*, 428 U.S. 106, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); *Jones v. U.S. Bureau of Prisons*, 903 F.2d 1178 (8th Cir.1990). Moreover, this argument is frivolous, and we can identify no manifest injustice which would result from our refusal to address it. *See Jones v. U.S. Bureau of Prisons*, 903 F.2d at 1181.

## C. Ineffective Assistance of Counsel

■ Poyner's claims of ineffective assistance of counsel are governed by the principles set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to prevail on his arguments, Poyner must establish that counsels' performance was deficient, and that the deficiencies so prejudiced the defense as to deprive Poyner of a fair trial. *Id.* at 687, 104 S.Ct. at 2064. Absent a showing that there is a reasonable probability that, but for counsels' unprofessional errors, the result of the proceeding would have been different, Poyner's allegations must fail. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *Id.* at 694, 104 S.Ct. at 2068. Two attorneys represented Poyner throughout the trial of this matter, and there is a "strong presumption" that counsel acted properly, "within the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. at 2065.

### 1. Marital Privilege

■ Poyner asserts that counsel failed to attempt to show that he and witness Barbara Kirby had a common-law marriage. Had the marriage been established, the marital testimonial privilege could have been asserted and Kirby's testimony precluded. The trial court held a post-trial hearing on this issue, and determined that there was no evidence supporting Poyner's contention of a common-law marriage. The trial court had adequate evidentiary support for its finding. Therefore, counsel's strategic determination not to assert the marital privilege at trial could not have been unreasonable.

### 2. Failure to Impeach Witnesses

■ Poyner argues that there were discrepancies in the testimony of several witnesses, most notably, Danny Flynn. In essence, Poyner complains that counsel did not develop every bit of testimony through all available inconsistent statements. The discrepancies which Poyner has brought to the attention of this court are simply not sufficient to demonstrate unprofessional or improper assistance by counsel. Neither has Poyner demonstrated any prejudice as a result of counsel's alleged errors.

The district court held that Poyner received competent and effective representation throughout his criminal trial. Poyner's claims are without merit, and we find no error in the court's decision.

## D. Prosecutorial Misconduct

■ Finally, Poyner claims that he was denied a fair trial because of the manner in which the prosecution questioned Barbara Kirby. A sequestration order excluding witnesses from the courtroom was in place during Poyner's trial. Poyner asserts that the prosecution's insinuations that Kirby violated the sequestration order, and then fabricated her testimony based upon the information which she received, amounts to a denial of due process. There was evidence from which recent fabrication could have been inferred (including Kirby's own admission that information had been re-

layed to her), and any inference by the prosecution that Kirby's testimony was slanted in favor of Poyner simply does not rise to the level of prosecutorial misconduct. If the questions were improper, "the relevant question is whether the prosecutor's comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 2471, 91 L.Ed.2d 144 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974)). Habeas corpus relief is not justified in this instance.

■ Poyner's related claim that the district court should have declared a mistrial, based upon Kirby's admission that she violated the sequestration order, is without merit. Poyner shows no inkling of prejudice; the critical portions of Kirby's testimony came solely from her personal knowledge of circumstances to which only she and Poyner were privy.

While the district court did not elaborate on its decision, it clearly stated that there is no support in the record for Poyner's assertions of prosecutorial misconduct. We agree.

### III.

For the reasons stated above, the judgment of the district court is affirmed.