996 F.2d 1221
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Roman HEMPHILL, Appellant,
v.
Ray POGUE; Paul K. Delo; Fred Johnson; Philip Banks, Appellees.
 No. 92-3873.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 3, 1993.
Filed: July 8, 1993.
 
 Before FAGG, BEAM, HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Roman Hemphill, a Missouri inmate, appeals from the district court's[1] order dismissing this 42 U.S.C. § 1983 action for failure to state a claim. We affirm.
 
 
 2
 Hemphill alleged that an unidentified person deposited money in his inmate account; defendant Ray Pogue wrote a conduct violation charging him with receiving money from a person "whose name and address are not known to exist"; defendant Fred Johnson conducted a hearing and found him guilty based on Pogue's statement; Johnson also found that the funds were contraband and subject to forfeiture; and Pogue, acting as Assistant Superintendent, approved the sanctions and the finding of guilt. Defendant Philip Banks then gave the final approval to Johnson's recommendations, and the funds were removed from Hemphill's account. Hemphill claimed that Pogue denied his due process right to an impartial tribunal by issuing the disciplinary report and reviewing the hearing, and defendants denied his due process rights by not informing him why he was punished. The district court granted defendants' motion to dismiss.
 
 
 3
 We agree with the district court that Hemphill did not state a claim for the violation of his due process rights. Hemphill admitted in his complaint that he was advised that Johnson relied on Pogue's statement to find him guilty of the disciplinary charge. See Wolff v. McDonnell, 418 U.S. 539, 563-66 (1974). Any harm that may have occurred as a result of Pogue's review of the guilty finding was cured by Banks's final review, especially because defendants did not impose any sanctions until after Banks's review. We do not consider Hemphill's due process claim based on a liberty interest because he asserted it for the first time on appeal. See Poyner v. Iowa, 1993 U.S. App. LEXIS 7302 at (8th Cir. Apr. 8, 1993).
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri