27 F.3d 572
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Michael J. KNIGHT, Appellant,
v.
Frank X. HOPKINS, Appellee.
 No. 93-3198.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 15, 1994.
Filed: June 24, 1994.
 
 Before McMILLIAN, WOLLMAN, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Michael J. Knight appeals the denial of his petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254. We affirm.
 
 
 2
 Knight was convicted of conspiracy to commit first-degree murder. His conviction was upheld on direct appeal. State v. Knight, 479 N.W.2d 792 (Neb. 1992). In his federal habeas corpus petition, Knight alleges that the evidence was insufficient to support his conviction. Though he concedes that he took part in several conversations regarding a plan to kill his girlfriend's husband, Knight asserts that mere conversation does not amount to an "overt act" in furtherance of a conspiracy. The district court[1] found that conversation alone may be an overt act under Nebraska law. We are satisfied that the acts by Knight constitute overt acts in furtherance of the conspiracy.
 
 
 3
 The evidence showed that Knight initiated conversations about the killing; participated in several conversations regarding the killing; provided detailed descriptions of the intended victim, the victim's automobile, apartment and work schedule; and initiated a telephone call to the purported "hit man" in which payment terms and methods were arranged. We see no need to further elaborate on the well-reasoned opinion of the district court concerning this claim and affirm for the reasons set forth in that court's opinion.[2] See 8th Cir. R. 47B.
 
 
 4
 Knight also argues on appeal that the statute under which he was convicted, Neb. Rev. Stat. Sec. 28-202, is unconstitutionally vague because it lacks a definition of "overt act." This argument was not raised in the district court or in Nebraska courts on direct appeal.[3] We therefore decline to address the substance of the issue.
 
 
 5
 First, we generally do not entertain arguments raised for the first time on appeal. Poyner v. Iowa, 990 F.2d 435, 438 (8th Cir. 1993). Second, the claim is procedurally barred since it was not presented to the state courts. See Coleman v. Thompson, 501 U.S. 722 (1991). A federal court reviewing a state court conviction in a 28 U.S.C. Sec. 2254 proceeding considers only those claims which the petitioner has presented to the state court in accordance with state procedural rules. Gilmore v. Armontrout, 861 F.2d 1061, 1065 (8th Cir. 1988), cert. denied, 490 U.S. 1114 (1989). Knight defaulted this vagueness claim by failing to raise it in state court. Knight may raise a procedurally barred claim only if he can show cause for the default and actual prejudice as a result, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. Jennings v. Purkett, 7 F.3d 779, 782 (8th Cir. 1993). Knight has made no such showing or demonstration. Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Warren K. Urbom, Senior United States District Judge for the District of Nebraska, adopting the findings of United States Magistrate Judge David Piester
 
 
 [2]
 Knight's brief on appeal does not address the sufficiency of evidence issue, however, at oral argument Knight's counsel asserted that the claim had not been abandoned
 
 
 [3]
 We reject Knight's contention that the vagueness argument is incorporated in his challenge to the sufficiency of the evidence